IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas C. Mohr,    Case No. 3:07CV00754

    Plaintiff,

v.    ORDER

Best Buy Stores, L.P.,

    Defendant.

This is an employment discrimination case arising under the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 *et seq.*, by a terminated employee of the defendant Best Buy Stores, L.P. (Best Buy). Plaintiff Thomas Mohr also brings various state law claims as a result of his termination. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Pending is the defendant's motion for summary judgment. [Doc. 20]. For the following reasons, defendant's motion shall be granted.

**Background**

Best Buy is a Minnesota-based company selling consumer electronics, home-office products, entertainment software, appliances, and related services. Mohr was an employee at Best Buy's Toledo facility, and was fifty years old at the time of his termination.

Best Buy hired Mohr in May, 1993, as a car stereo installer in the car audio department. During Mohr's thirteen years of employment, Best Buy reorganized its car audio department at least three times, and changed the title of Mohr's position four times. Twice, Best Buy promoted Mohr to the position of supervisor, with the last promotion occurring in 2004.

In April, 2006, Best Buy merged its wireless, digital and car-fi departments. Defendant offered Mohr the option of reassignment from Car Audio Supervisor to a First Class Installer (a lead installer position), or a buyout of his employment with the company. Mohr remained with Best Buy under the title of lead installer. Although Best Buy changed Mohr's title, it never changed Mohr's pay or benefits.[1] However, Mohr contends that Best Buy changed his duties in April, 2006, and he no longer performed evaluations or scheduling duties.

Mohr alleges that after he changed positions in April, 2006, Best Buy passed him over for in-store promotions, and gave promotions to younger, less qualified employees.[2] Although Mohr was aware of Best Buy's complaint procedures and anti-discrimination policy, he never made any complaints during his tenure at Best Buy.

In late June or early July, 2006, Mohr found a Best Buy gift card in the parking lot of the Toledo store. On July 30, Mohr used the card to purchase items costing about $10. About a week after Mohr had used the gift card, the store manager approached him and questioned his use of the card. Four days later, on August 7, 2006, Best Buy terminated Mohr for violating Best Buy's unwritten policy prohibiting employees from using gift cards not belonging to them (the Policy).

According to Mohr and one of Mohr's former co-workers, Best Buy never communicated the Policy to its employees. Mohr claims that he was unaware of the Policy, and that Best Buy

---

[1] Two managers told plaintiff that the change of title was not a result of his performance, as he had always performed well.

[2] Mohr provides, as one example, that the position of supervisor of the merged department was given to Marcus Walker, who was in his mid-twenties. Best Buy counters that Mohr has not come forth with evidence as to the qualification or age of any employee promoted over him.

treated him more harshly than others because of his age. Best Buy contends that the Policy has been uniformly applied.[3]

Best Buy also terminated Mohr's stock options as a result of his conduct concerning the gift card. Mohr alleges a Best Buy manager initially said he would have a ninety-day grace period in which he could cash in his stock options; subsequently, a customer service employee informed him he would have sixty days. Later, when Mohr attempted to cash in the options, he was unable to do so.

According to the Stock Option Award Agreement (the Agreement), signed by plaintiff, Mohr was required to:

> [C]omply with all Best Buy policies as may be added or amended from time to time at Best Buy's discretion, including but not limited to the Electronic Mail/Communication, Information System Usage, Corporate Disclosure, and Conflict of Interest policies.

Dep. Plaintiff at Ex. 4. The Agreement further states that:

> Employee understands and agrees that, in the event of a breach by Employee of this Agreement, all of Employee's options granted on or after April 16, 1999 . . . shall immediately terminate . . . .
>
> \* \* \* \* \*
>
> Employee may not rely upon any oral or written representations made by supervisors or other personnel concerning the Plan or Employee's rights thereunder. Such oral or written representations shall not be deemed to be a modification or amendment of the Plan and shall be of no legal force or effect.

*Id.*

---

[3] To establish this, defendant sets forth two examples, from late-July to early-August, in which a younger employee was terminated for the unauthorized use of a gift card. The amounts on the cards were $0.76 and $15.

In addition, the 2005 amendment to the Agreement states that all stock options are forfeited upon termination for fraud, misappropriation, embezzlement or other acts of dishonesty, including theft or misuse of Best Buy's property, equipment or store merchandise.

Subsequent to his termination and forfeiture of stock options, Mohr filed the current suit. In his complaint, plaintiff alleges three ADEA violations: 1) Best Buy demoted Mohr and replaced him with a significantly younger person, in violation of 29 U.S.C. § 621 *et seq.*; 2) Best Buy treated similarly situated younger employees more favorably in promotion, in violation of 29 U.S.C. § 621 *et seq.*; and 3) Best Buy treated similarly situated younger employees more favorably in discharge practices, in violation of 29 U.S.C. § 621 *et seq.*

Mohr also alleges a state law claim for negligent supervision, as well as claims for breach of contract, promissory estoppel and fraudulent misrepresentation arising from his forfeiture of stock options.[4]

## Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(e).

---

[4] Mohr has withdrawn claims for intentional infliction of emotional distress and defamation.

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding the motion for summary judgment, the evidence of the non-moving party will be accepted as true and all reasonable inferences will be drawn in the non-moving party's favor. *Eastman Kodak Co. v. Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). Summary judgment shall be rendered if the pleadings, discovery and disclosure materials on file, and affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

**Discussion**

**1. ADEA Claims**

Defendant Best Buy seeks summary judgment on Mohr's ADEA claims on the grounds that: 1) plaintiff cannot establish a *prima facie* case of age discrimination; and 2) plaintiff cannot establish pretext. Best Buy's arguments as to Mohr's ADEA claims are persuasive.

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). As Mohr has no direct evidence of age discrimination, his claims must be analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The *McDonnell Douglas* burden-shifting framework is a three-step approach. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998). First, an employee must establish a *prima facie* case of age discrimination. *Id.* To do so, a plaintiff must show that he or she: 1) is a member of the protected class (i.e., at least forty years of age); 2) was subjected to an adverse employment action; 3) was qualified for the position; and 4) was treated differently from similarly situated employees outside the protected class (i.e., replacement by a significantly younger person). *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004) (citing *McDonnell Douglas*, *supra*, 411 U.S. at 802); *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003).

If an employee establishes a *prima facie* case, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 574 (6th Cir. 2003) (citing *Ercegovich*, *supra*, 154 F.3d at 350). If the employer does so, the burden shifts back to the employee to "rebut[] this proffered reason by proving that it was a pretext designed to mask age discrimination." *Id.*

To prove pretext, a plaintiff must show either: 1) that the proffered reason had no basis in fact; 2) that the proffered reason did not actually motivate the decision; or 3) that the proffered reason was insufficient to motivate the employment decision. *Mitchell*, *supra*, 389 F.3d at 184 (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)).

### A. Demotion

Mohr claims he was demoted from supervisor to lead installer in violation of 29 U.S.C. § 621 *et seq.* He has established that he is a member of a protected class (he was fifty years old), and was qualified for his position (he was in good standing at the time of his termination). However, he does not satisfy the second and fourth prongs of a *prima facie* case.

Mohr did not suffer an adverse action in employment. He job title changed from supervisor to lead installer, but his pay, benefits, and duties remained substantially the same. The Sixth Circuit requires a plaintiff suffer a materially adverse action, and "reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions." *Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885 (6th Cir. 1996) (citing *Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987)).

Mohr has failed to produce any evidence that he was replaced by a similarly situated, younger employee. Under the *McDonnell Douglas* framework, the burden is on the plaintiff to establish the elements of the *prima facie* case. *Ercegovich*, *supra*, 154 F.3d at 350. Although Mohr testified that he was replaced with a younger employee, he has not bought forth evidence as to the qualifications of this employee.

Alternatively, even if Mohr were able to establish a *prima facie* case of age discrimination under this claim, he could not prove pretext. Best Buy has offered a business-related, legitimate and non-discriminatory reason for Mohr's change of position: Best Buy restructured its departments, and Mohr's title change was a result of this restructuring. Best Buy reorganized its departments several times during Mohr's tenure, and he changed positions more than once.

Mohr has not provided any evidence that leads me to conclude his reassignment was pretext for age discrimination. Therefore, Mohr's claim that he was demoted from supervisor to lead installer in violation of 29 U.S.C. § 621 *et seq.*, fails as a matter of law.

### B. Promotions

Mohr alleges that he was passed over for promotional opportunities in favor of younger, less qualified employees. Again, Mohr fails to establish the fourth prong of the *prima facie* case under

the ADEA (that he was treated differently than younger employees in discharge practices). He offers no evidence that similarly situated, younger employees were given promotional opportunities over him. Further, even if Mohr could establish a *prima facie* case, he could not establish pretext as he has not provided any evidence of discrimination.

Thus, Mohr's second claim under the ADEA fails as a matter of law.

### C. Termination

Mohr claims that Best Buy treated similarly situated, younger employees more favorably in discharge practices, in violation of 29 U.S.C. § 621 *et seq*. Once again, Mohr fails to satisfy the fourth prong of the *prima facie* case. Mohr has not provided any examples of younger employees being retained after the unauthorized use of a company gift card. To the contrary, Best Buy has produced evidence that, on at least two occasions, it fired younger employees for the unauthorized use of gift cards.

Moreover, Mohr can not establish that his termination was pretextual. Even though he claims he was not informed of the gift card policy and that this proffered reason is pretextual, Best Buy's spoken policy against improper use of company gift cards was applied consistently, and serves as a legitimate, non-discriminatory reason for termination. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003) (noting that an unwritten policy may serve as a reason for an adverse employment action); *Quintanilla v. AK Tube LLC*, 477 F. Supp. 2d 828, 834 (N.D. Ohio 2007) (stating that the main inquiry in an employment discrimination case is whether the policy was applied uniformly, not whether the policy was written).

Although Mohr disagrees with the level of discipline he received, it is not the job of the court to act "as a 'super personnel department,' overseeing and second guessing employers' business

8

decisions." *Bender v. Hecht's Dept. Stores*, 455 F.3d 612, 627-28 (6th Cir. 2006) (citing *Verniero v. Air Force Acad. Sch. Dist. No. 20*, 705 F.2d 388, 390 (10th Cir. 1983)). Accordingly, Mohr's third claim under the ADEA fails as a matter of law.

### 2. Negligent Supervision

Mohr claims that Best Buy managers were incompetent regarding the implementation of Best Buy's disciplinary policies, and, thus, were negligently supervised.

The elements of a claim of negligent supervision are:

(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.

*Evans v. Ohio State Univ.*, 112 Ohio App. 3d 724, 739 (1996).

Additionally, an underlying requirement is that an "employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against an employer." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 517 (6th Cir. 1999) (citing *Strock v. Pressnell*, 38 Ohio St. 3d 207, 217 (1988)).

Mohr is not a third party claiming a tort against an employee of Best Buy. Further, Best Buy's implementation and enforcement of its disciplinary policy was lawful. Mohr cannot show incompetence on the part of Best Buy, or that Best Buy's negligence was the proximate cause of his injuries. Mohr's claim of negligent supervision fails on the merits.

### 3. Stock Options Claims

9

Best Buy has moved for summary judgment on plaintiff's three claims arising out of the forfeiture of his stock options: 1) breach of contract; 2) promissory estoppel; and 3) fraudulent misrepresentation. Best Buy's arguments for summary judgment are persuasive.

### A. Breach of Contract

Mohr claims that by terminating his stock options, Best Buy breached the Stock Option Award Agreement. A plaintiff must show that he performed in accordance with the terms of an agreement in order to recover under a breach of contract claim. *See, e.g., Doner v. Snapp*, 98 Ohio App. 3d 597, 600 (1994).

According to the Agreement signed by Mohr, termination for a breach of company policy results in the forfeiture of stock options.  The 2005 amendment to the Agreement also states that termination for misuse of company property and other acts of dishonesty results in the forfeiture of all stock options.

Mohr breached Best Buy's spoken gift card policy, and failed to conform with the 2005 amendment against the misuse of company property, when he made purchases with the card he found in the parking lot. Mohr did not perform in accordance with the Agreement, and may not recover under this claim.

### B. Promissory Estoppel

Plaintiff asserts a claim of promissory estoppel based on the fact that he was told he would have sixty to ninety days to cash in his stock options after his termination.

To establish a claim of promissory estoppel, a plaintiff must prove: 1) a clear and unambiguous promise; 2) reliance on that promise; 3) reliance that is reasonable and foreseeable;

and 4) reliance on the promise resulted in injury. *Patrick v. Painesville Commercial Properties, Inc.*, 123 Ohio App. 3d 575, 583 (1997).

The Agreement set forth a specific disclaimer against reliance upon representations made by supervisors or other personnel concerning stock options. Mohr's claim for promissory estoppel fails because it was not reasonable for Mohr to rely upon any representation made by his supervisor, or any other personnel, regarding his stock options. Additionally, Mohr has not established that he relied on any representations made by his supervisors, or that he was injured by this reliance. His claim for promissory estoppel fails as a matter of law.

### C. Fraudulent Misrepresentation

Lastly, Mohr alleges fraudulent misrepresentation. In order to establish this claim, a plaintiff must show:

> 1. A false representation, actual or implied, or a concealment of a fact material to the transaction.
> 2. The representation must relate to the present or past.
> 3. Knowledge of the falsity of statements made with such utter disregard or recklessness as to truth or falsity that knowledge can be inferred.
> 4. Intent to mislead another into relying on the representation.
> 5. Reliance-with a right to reply.
> 6. Injury as a result of such reliance.

*Kasuri v. St. Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 851 (6th Cir. 1990) (citing *Behrend v. State of Ohio*, 55 Ohio App. 2d 135, 141-42 (1977)).

Mohr has not presented evidence that Best Buy intentionally misled him so he would not cash in his stock options. Further, he has not suffered injury as a result of Best Buy's representations; Mohr's injury was a result of his violation of company policy. Accordingly, Mohr's fraudulent misrepresentation claim is without merit.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT defendant Best Buy Stores, L.P.'s motion for summary judgment [Doc.20] be, and the same is hereby granted with respect to all of plaintiff Thomas C. Mohr's claims.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge